## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARTIN SEIDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:18-cv-1886 |
| | ) |
| CHW GROUP, INC. d/b/a Choice Home Warranty, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, MARTIN SEIDMAN, files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendant, CHW GROUP, INC. d/b/a Choice Home Warranty, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Bridgeport, Fairfield County, Connecticut.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff, is a resident of Bridgeport, Fairfield County, Connecticut.

6. Defendant is based in Edison, New Jersey.

## FACTUAL ALLEGATIONS

7. Within four (4) years of Plaintiff filing this Complaint, Defendant began placing calls to Plaintiff on Plaintiff's cellular telephone at xxx-xxx-9996.

8. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from 732-374-3401, which is one of Defendant's telephone numbers.

9. In or around August 2018, Plaintiff spoke with one of Defendant's representatives and requested for Defendant to stop calling him.

10. Despite Plaintiff's request, Defendant continued to call Plaintiff's cellular telephone.

11. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

12. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

13. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

14. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

15. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

16. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

17. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

18. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

19. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

20. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

21. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

22. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

23. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

24. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use

of his cellular telephone; and

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

25. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls and text messages to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MARTIN SEIDMAN, respectfully requests judgment be entered against Defendant, CHW GROUP, INC. d/b/a Choice Home Warranty for the following:

26. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  § 227(b)(3)(B).

27. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

29. Any other relief that this Honorable Court deems appropriate.

|  | RESPECTFULLY SUBMITTED, |
|---|---|
| DATED: November 16, 2018 | /s/ Jennifer LaRese<br>Jennifer LaRese<br>LAW OFFICE OF JENNIFER LAWRESE, LLC<br>33 Bullet Hill Road, Suite 301<br>Southbury, CT 06488<br>Tel: 203-583-8668<br>Fax: 203-828-6330<br>Jennifer@LaReseLawOffice.com |